THE STATE OF KANSAS, *ex rel. C. C. Coleman, as Attorney-general*, v. W. P. DICKERSON *et al.*

No. 14,260.   (81 Pac. 497.)

SYLLABUS BY THE COURT.

BANKS AND BANKING—*Character of a Deposit.* Under the facts of this case a certain bank deposit is held to have been a general, and not a special, deposit.

Error from Woodson district court; OSCAR FOUST, judge. Opinion filed July 7, 1905. Affirmed.

*C. C. Coleman,* attorney-general, and *S. C. Holmes,* for plaintiff in error.

*W. S. Marlin,* for defendants in error.

49—71 KAN.

The opinion of the court was delivered by

BURCH, J.: The question in this case is whether a certain bank deposit is general or special. The plaintiff in error, a woman, left money at a private bank, stating to the banker that she believed she would leave it for a few days, and that she wanted him to keep it for a short time. The money consisted of a roll of bills, neither wrapped nor tied, and not enclosed within any bag or box or other kind of receptacle. Upon the delivery of the money she was given an ordinary pass-book, in which the transaction was entered as an ordinary deposit. No request was made that the money be kept apart from the funds of the bank, no special agreement was made as to the character of the deposit, and ordinary deposit slips were prepared at the time, from which the books of the bank were afterward written up. The bank failed, and a receiver was appointed to take charge of its affairs. Upon the hearing of an application for an order upon the receiver for a return of the deposit to the plaintiff in error, she testified that when the deposit was made she did not expect a return of the identical roll of bills, that she knew her money would be handled, may be several times, before she would get it out again, and that it made no difference to her whether she received gold or silver or paper, so she got it. No attempt was made to identify, in the receiver's hands, the bills that had been deposited.

Under all the authorities these facts show a general deposit. (Note to *Plano Manufacturing Co. v. Auld,* [14 S. Dak. 512], in 86 Am. St. Rep. 775; Zane, Banks & Bank., §§ 129, 136, 162; 3 A. & E. Encycl. of L. 827; 5 Cyc. 513.)

When the deposit was made the plaintiff said she did not want a check-book because she intended drawing all the money in a few days, and that it was not necessary that she have a bank-book; but these facts

The State v. Dickerson.

did not change the essential character of the deposit. She did take a bank-book, and the money was subject to check for any amount whenever she saw fit to demand it. She further said that she did not want to become a regular depositor at the bank; but this observation could mean no more than that she did not contemplate making a practice of leaving money there. At the time the deposit was made the banker remarked that he understood she was going to build, and she then explained to him something of her plans with reference to the use of the money when she should withdraw it; but this fact did not change the legal relation of the parties. The only duty resting upon the bank was to pay in kind, on demand, whatever the purpose of the withdrawal might be.

The plaintiff in error was the only witness in the case, and in view of her conduct and admissions her declaration at the hearing that she did not intend to deposit her money was of course nugatory.

In the application to the court facts were alleged tending to show a right in the plaintiff in error to rescind the deposit and charge the bank as a trustee *ex maleficio,* but no evidence concerning them was offered. It was not necessary that the receiver should deny the charges of the motion in order to put the plaintiff in error upon proof of them.

The judgment of the district court, having been rendered in accordance with these views, is affirmed.

All the Justices concurring.